IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 04-109-JJF |
| | : | |
| | : | Civil Action No. 06-447-JJF |
| TERRANCE M. JOHNSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Colm F. Connolly, Esquire, United States Attorney, Edmond Falgowski, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Terrance M. Johnson, Pro Se Defendant.

**MEMORANDUM OPINION**

June 13, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I. 30) filed by Defendant, Terrance M. Johnson. For the reasons set forth below, Defendant's Section 2255 Motion will be denied.

## BACKGROUND

On March 9, 2005, Defendant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced Defendant to 24 months imprisonment and 2 years of supervised release. The Judgment Of Conviction against Defendant was entered on the Court's docket on July 23, 2005.

Defendant did not file a direct appeal, but filed the instant Motion To Vacate (D.I. 30), along with a Supplemental Memorandum (D.I. 31). By his Motion, Defendant raises two claims, one related to the calculation of his sentence and one related to ineffective assistance of counsel. The Government has filed a response to Defendant's Section 2255 Motion alleging that Defendant is not entitled to relief.

## DISCUSSION

I.  **Evidentiary Hearing**

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court should consider whether an evidentiary

hearing is required in this case. After a review of Defendant's Motion, the Government's response, and the record in this case, the Court concludes that it can fully evaluate the issues presented by Defendant, and the record conclusively establishes that Defendant is not entitled to relief. Accordingly, the Court concludes that an evidentiary hearing is not required. United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005).

## II. Sentencing Calculation

In challenging the calculation of his sentence, Defendant contends that he was inappropriately assessed a criminal history category of III. Specifically, Defendant contends that the jury did not make any findings regarding his criminal history category, and he did not admit to his prior convictions. Defendant contends that under Shepard v. United States, 544 U.S. 13, 26 (2005) and the line of cases following Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), facts which raise the limit of his possible federal sentence must be found by a jury, and reliance on police reports and arrest records describing the Defendant's conduct are insufficient to support a sentencing enhancement.

After reviewing Defendant's arguments in light of the applicable legal principles, the Court concludes that Defendant is not entitled to relief. Prior convictions need not be established by a jury to support a sentencing enhancement. U.S.

v. Ordaz, 398 F.3d 236, 240-241 (3d Cir. 2005) (rejecting the defendant's argument that fact of prior convictions should have been submitted to the jury). Indeed, the Supreme Court expressly carved out an exception for prior convictions in Apprendi stating that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added).

Further, the Court concludes that the concerns raised by the Supreme Court in Shepard are not implicated in this case. First, Defendant's prior convictions were established through court records, not police reports. Second, Defendant's prior convictions did not mandatorily enhance his sentence, and his sentence was not greater than the statutory maximum. See e.g., U.S. v. Fisher, 421 F. Supp. 2d 785, 794 (D. Del. 2006). Accordingly, the Court concludes that the jury was not required to establish the fact of Defendant's prior convictions, and Defendant's sentence was appropriately calculated to include an enhancement for his criminal history based upon the fact of his prior convictions.[1]

---

[1] It also appears that Defendant's claim may be procedurally barred, because he did not file a direct appeal. However, Defendant cannot satisfy the "cause and prejudice" standard for review of procedurally barred claims, because his claim lacks merit.

4

## III. Ineffective Assistance Of Counsel

With respect to his claim for ineffective assistance of counsel, Defendant contends that counsel should have tried to postpone his federal sentencing in order to collaterally attack his state court convictions. Defendant also contends that counsel failed to evaluate available sentencing options and failed to raise mitigating factors to the Court like his steady employment, "clean record," and rehabilitation up to the time of the offense.

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of the Strickland test requires a defendant to show that his or her counsel's errors were so egregious as to fall below an "objective standard of reasonableness." Id. at 687-88. In determining whether counsel's representation was objectively reasonable, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In turn, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second prong of Strickland, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors, meaning that there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 692-94. To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Evaluating Defendant's claims in light of this standard, the Court concludes that Defendant has not established ineffective assistance of counsel. A criminal history category of III applies to anyone with four to six criminal history points. According to the Pre-Sentence Report ("PSR"), Defendant had a total of five criminal history points based on three one point convictions and one two point conviction. To have succeeded in lowering his criminal history category, Defendant would have had to have persuaded the state court to vacate either two of his one point convictions or his two point conviction. Defendant has not offered any reasons demonstrating that such a collateral attack would have been successful, and therefore, the Court concludes that Defendant cannot establish that counsel's decision to forgo such a collateral attack was unreasonable. The Court also concludes that Defendant cannot establish prejudice within the meaning of Strickland. Ramirez v. Price, 43 F.3d 1483 (10th Cir.

1994) (holding that counsel was not ineffective for failing to challenge prior convictions where probability of success was speculative).

With respect to his remaining claim concerning counsel's failure to bring mitigating factors to the attention of the Court, the Court likewise concludes that Defendant's claim is without merit. Defendant's steady employment was referenced in the PSR, and therefore, the Court was aware of it. As for Defendant's assertions that he maintained a "clear" record for seven years and was rehabilitated, the Court notes that the PSR contradicts Defendant's claims. Defendant had two prior convictions in 1997 at the age of 18, one in 1998 at the age of 19, one in 2000 at the age of 21 and one in 2001 at the age of 22. Defendant's conduct on probation was described as "unimproved" up until his discharge in 2003. He was subsequently arrested in July 2004 for possession of marijuana, but failed to appear. Two weeks later, he committed the offense giving rise to the federal charge at issue here. Accordingly, the Court cannot conclude that Defendant's counsel was ineffective for failing to raise the mitigating factors identified by Defendant.

**IV. Certificate Of Appealability**

The Court may issue a certificate of appealability only if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case,

the Court has concluded that Defendant is not entitled to relief on his claims, and the Court is not convinced that reasonable jurists would debate otherwise. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability for Defendant's claims.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody and decline to issue a certificate of appealability.

An appropriate Order will be entered.